UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 11601 JLT

| | |
|---|---|
| WALGREEN EASTERN CO., INC.,<br>Plaintiff,<br><br>v.<br><br>MAOLIS REALTY TRUST,<br>Defendant. | **ANSWER, COUNTERCLAIM<br>AND JURY DEMAND** |

## ANSWER

The defendant in the above-captioned action, Maolis Realty Trust (hereinafter "Maolis"), answers each of the similarly numbered paragraphs of the Complaint as follows:

### Introduction

Insofar as the "Introduction" is merely prefatory remarks and not allegations, no further answer is necessary. In answering, however, Maolis admits the allegation in the first and last sentences of the first paragraph of the "Introduction" but denies the other allegations contained therein. In further answering, Maolis denies that Walgreen constructed a building of approximately 16,000 sq. ft., but states the entire parcel was approximately 16,670 sq. ft., and the building constructed by Walgreen was 12,034.81 sq. ft. Also, Maolis admits that it did not initially bill Walgreen for the cost to it for the "parking lot attendant."

In further answering, insofar as the "Introduction" refers to documents, no answer is necessary. Also, to the extent the "Introduction" sets forth conclusion of law, and not allegations of fact, no answer is necessary.

Maolis denies the allegations set forth in the second and third paragraphs of the "Introduction." Maolis denies any and all of the allegations contained therein.

### Parties

1. Upon information and belief, Maolis believes the allegations contained in paragraph 1 to be true.

2. Admitted.

### Jurisdiction

3. Insofar as paragraph 3 sets forth conclusions of law, and not allegations of fact, no answer is necessary.

### Facts

4. Maolis admits the allegations of the first sentence of paragraph 4 and that Walgreen constructed a pharmacy on the premises. Insofar as paragraph 4 refers to a document, no answer is necessary.

5. Insofar as paragraph 5 refers to a document, no answer is necessary.

6. Insofar as paragraph 6 refers to a document, no answer is necessary.

7. Admits that Walgreen is responsible for paying its pro-rata share of "parking lot expenses." In further answering, Maolis states that insofar as paragraph 7 refers to a document, no answer is necessary. Maolis denies the other allegations set forth therein.

8. To the extent paragraph 8 sets forth conclusions of law and not allegations of fact, no answer is necessary. Insofar as paragraph 8 refers to a document, no answer is necessary.

9. Insofar as paragraph 9 sets forth conclusions of law, and not allegations of fact, no answer is necessary. Insofar as paragraph 9 refers to a document, no answer is necessary. In further answering, Maolis denies the allegations in sentences 1 and 2 of paragraph 9. Maolis

admits the allegations in the last two sentences of paragraph 9, except as to Walgreen's characterization of its letter in the last sentence. Moreover, Maolis denies any implication that the operating expenses are not owed or that Maolis did anything incorrectly in its billing for such expenses.

10.     Insofar as paragraph 10 sets forth conclusions of law, and not allegations of fact, no answer is necessary. Insofar as paragraph 10 refers to a document, no answer is necessary. In further answering, Maolis states that pursuant to the terms of the lease, because the bills were "certified," no back-up was required, and any back-ups that were provided were provided as an accommodation to Walgreen. Moreover, Maolis specifically denies that Walgreen "sent in the requested payment" as alleged in the last sentence of paragraph 10.

11.     To the extent paragraph 11 refers to a document, no answer is necessary. In further answering, Maolis admits a characterization was made of one of the charges referenced therein as "supervision," however, Maolis asserts that the characterization was done without proper authority and was a mischaracterization, a fact of which Maolis advised Walgreen shortly thereafter. In further answering, Maolis denies the allegations set forth in the last sentence of paragraph 11.

12.     Insofar as paragraph 12 refers to a document, no answer is necessary. In further answering, Maolis denies any allegations that it had made a "gaffe" or "attempted to fix" it.

13.     Insofar as paragraph 13 sets forth conclusions of law, and not allegations of fact, no answer is necessary. Insofar as paragraph 13 refers to a document, no answer is necessary.

14.     Insofar as paragraph 14 refers to a document, no answer is necessary.

15.     Insofar as paragraph 15 refers to a document, no answer is necessary. Maolis denies that Walgreen acted in good faith.

16. Maolis admits that it insisted upon Walgreen to make the payments as required. In further answering, Maolis denies that Walgreen offered to pay two-thirds of the alleged share of the cost and denies any and all other allegations contained therein.

17. Insofar as paragraph 17 refers to a document, no answer is necessary.

18. Insofar as paragraph 18 refers to a document, no answer is necessary.

19. Insofar as paragraph 19 refers to a document, no answer is necessary. Maolis is without knowledge or information sufficient to form a belief as to the truth of the matters alleged as to Walgreen's actions, and therefore denies the allegations contained in paragraph 19.

20. Insofar as paragraph 20 refers to a document, no answer is necessary.

21. Insofar as paragraph 21 refers to a document, no answer is necessary. Maolis denies that it "sprung" any "trap" as alleged.

22. Maolis admits that Walgreen and Maolis were involved in a telephone conference on or about June 6, 2005, but that no resolution was reached. In further answering, Maolis is without knowledge or sufficient information to form a belief as to the truth of Walgreen's allegations as to its own actions.

23. Insofar as paragraph 23 refers to a document, no answer is necessary.

24. Maolis denies that it acted in bad faith. Maolis denies any and all other allegations contained in paragraph 24.

25. Insofar as paragraph 25 sets forth conclusions of law, and no allegations of fact, no answer is necessary. Insofar as the paragraph refers to a document, no answer is necessary. Maolis denies the allegations set forth in paragraph 25, and denies any actions on its part were made in bad faith.

26. Insofar as paragraph 26 sets forth conclusions of law, and not allegations of fact, no answer is necessary. In further answering, insofar as paragraph 26 refers to a document, no answer is necessary. In further answering, Maolis denies that any of its actions were of a "pre-textural nature," and denies any and all allegations as contained in paragraph 26.

27. Maolis denies that the actions of Walgreen were made in good faith, and denies any and all allegations contained therein.

## COUNT I
### (Declaratory Judgment – 28 U.S.C. § 2201 et seq.)

28. Maolis repeats its answers to paragraph numbers 1-27 as set forth above.

29. Admitted.

30. Insofar as paragraph 30 sets forth conclusions of law, no answer is necessary. Insofar as paragraph 30 alleges the intent of Walgreen, Maolis is unable to answer. In further answering, Maolis denies the allegations as set forth therein.

31. Insofar as paragraph 31 sets forth conclusions of law, no answer is necessary. Insofar as paragraph 31 alleges the intent of Walgreen, Maolis is unable to answer. In further answering, Maolis denies the allegations as set forth therein.

32. Insofar as paragraph 32 sets forth conclusions of law, no answer is necessary. Insofar as paragraph 32 alleges the intent of Walgreen, Maolis is unable to answer. In further answering, Maolis denies the allegations as set forth therein.

## COUNT II
### (Specific Performance)

33. Maolis repeats its answers to paragraph numbers 28-32 as set forth above.

34. Insofar as paragraph 34 sets forth conclusions of law, no answer is necessary. Insofar as paragraph 34 refers to a document, no answer is necessary.

35. Denied.

36. Insofar as paragraph 36 sets forth conclusions of law, no answer is necessary. Insofar as paragraph 36 alleges the intent of Walgreen, Maolis is unable to answer. In further answering, Maolis denies the allegations as set forth therein.

37. Insofar as paragraph 37 sets forth conclusions of law, no answer is necessary.

## COUNT III
### (Breach of Contract/Lease)

38. Maolis repeats its answers to paragraph numbers 33-37 as set forth above.

39. Insofar as paragraph 39 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

40. Insofar as paragraph 40 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

## COUNT IV
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41. Maolis repeats its answer to paragraph numbers 38-40 as set forth above.

42. Insofar as paragraph 42 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

43. Insofar as paragraph 43 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

## COUNT V
### (Common Law Fraud)

44. Maolis repeats its answer to paragraph numbers 41-43 as set forth above.

45. Insofar as paragraph 45 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

46. Insofar as paragraph 46 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

## COUNT VI
### (Abuse of Process)

47. Maolis repeats its answer to paragraph numbers 44-46 as set forth above.

48. To the extent paragraph 48 refers to a document, no answer is necessary.

49. Insofar as paragraph 49 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth in the last sentence of paragraph 49.

50. Denied.

51. Insofar as paragraph 51 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

## COUNT VII
### (Violations of M.G.L. c. 93A)

52. Maolis repeats its answer to paragraph numbers 47-51 as set forth above.

53. Insofar as paragraph 53 sets forth conclusions of law, no answer is necessary.

54. Insofar as paragraph 54 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations contained therein.

55. Insofar as paragraph 55 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations that it engaged in unfair and deceptive actions contained therein.

56. Insofar as paragraph 56 sets forth conclusions of law, no answer is necessary. In further answering, Maolis denies the allegations set forth therein.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from bringing its claims due to its own actions and inactions.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from bringing this action due to its unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the plaintiff materially breached the contract between the plaintiff and defendant.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from bringing its claims against the defendant.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred based upon plaintiff's failure to perform conditions to the contract.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant is excused from performance under the contract based upon plaintiff's failure to perform conditions and or breach of the contract.

### COUNTERCLAIM

The defendant in the above-captioned action, Maolis, hereby asserts the following counterclaims against the Plaintiff/Defendant-in-Counterclaim, Walgreen.

### PARTIES

1.    Plaintiff-in-Counterclaim Maolis Realty Trust ("Maolis") is a Massachusetts trust duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Lynn, Massachusetts.

2. Upon information and belief, the Defendant-in-Counterclaim, Walgreen Eastern Co., Inc. ("Walgreen") is a New York Corporation with its principal place of business in Deerfield, Illinois.

## FACTS

3. In July, 1992, Walgreen and Maolis entered into a lease for land located at 21 Joyce Street, Lynn, Massachusetts.

4. Pursuant to the Lease, Walgreen was to pay to the landlord common area maintenance charges (hereinafter "CAM"). In approximately 1997, Walgreen began a pattern of failing to pay CAM charges after being billed for such charges by the landlord. Its pattern of delay, failure, and breach of the lease terms has continued from approximately 1997 to the present.

5. In 2005, a series of "Notices of Default" relative to, among other things, the failure to pay the CAM charges were served upon Walgreen.

6. Upon Walgreen's failure to cure the default within the time as required, "Termination Notices" and "Notices to Quit" were also served upon Walgreen.

7. Upon the failure of Walgreen to cure the defaults and terminate as required by the "Termination Notice" and "Notices to Quit," Maolis properly commenced a summary process action in Lynn District Court.

8. Pursuant to the Lease, Walgreen was to also pay to the landlord its portion of real estate taxes (hereinafter "taxes"). In approximately 1997, Walgreen began a pattern of failing to pay taxes in accordance with the term of the lease. Its pattern of delay, failure, and breach of the lease terms has continued from approximately 1997 to the present.

9. In 2005, a series of "Notices of Default" relative to, among other things, the failure to pay the taxes were served upon Walgreen.

10. Upon Walgreen's failure to cure the default within the time as required, "Termination Notices" and "Notices to Quit" were also served upon Walgreen.

11. Upon the failure of Walgreen to cure the defaults and terminate as required by the "Termination Notice" and "Notices to Quit," Maolis properly commenced a summary process action in Lynn District Court.

12. In March 2004, the landlord advised Walgreen of costs to maintain the parking lot due from Walgreen for the period of 2000-2003 in the amount of $51,074.18. Although this bill was certified as provided by the lease, Walgreen failed and refused to pay the total amount due.

13. On or about the same time in March 2004, the landlord advised Walgreen by letter that it still owed the landlord a balance of $1,180.25 for its portion of real estate taxes for the year 2000-2003.

14. As of September 2004, Walgreen had not paid the costs to the landlord as identified in the landlord's letter of March 19, 2004. Due to Walgreen's failure to pay the amount as required by the March 19th letter, the landlord sent a "Default Notice" to Walgreen.

15. Again, on September 9, 2004, responding to Walgreen's latest request for backup, the landlord sent another "certified statement" detailing the breakdown of the $51,074.18 owed.

16. In September 2004, the landlord also sent Walgreen a notice of the amount of CAM charges owed for 2004, up to and through September, in the amount of $13,237.92. The landlord also advised Walgreen that monthly CAM charges for 2004 are $2,724.32 and asked that this amount be forwarded on the first of each month, starting in October 2004. Walgreen failed to make the monthly payments.

17.    Moreover, Walgreen failed to pay the $51,074.18 owed, and, instead, insisted on paying only $4,350.60.  The landlord continued to object to this failure to pay, but sent a letter to Walgreen "with the intent to try and resolve [the] issues."  Walgreen refused to do so.

18.    On or about April 25, 2005, a "Notice of Default and Demand for Cure" was sent by the landlord to Walgreen relative to insurance charges for calendar year 2004 that remained unpaid, and for CAM and insurance charges for January through April, 2005 that remained unpaid.

19.    Walgreen failed to cure the default and a "Termination Notice" and "Notice to Quit" was sent on June 1, 2005.  In response thereto, Walgreen, again, past the time due to make payments as set forth in the lease, forwarded a check to the landlord for less than the amount as required under the lease and "Notice of Default and Demand for Cure."

20.    Again, on June 17th, the landlord served a "Notice of Default and Demand for Cure" upon Walgreen for outstanding real estate taxes and CAM payments.  Walgreen has failed and refused to pay the amount owing under the lease.

21.    On June 27, 2005, the landlord entered a summary process action in the Lynn District Court against Walgreen, seeking to recover certain unpaid CAM, insurance escrow amounts, and unpaid real estate taxes.

22.    As of this date, Walgreen owes the landlord CAM, taxes and insurance reimbursements totaling in excess of one year's rent.

## COUNT I
### (Declaratory Judgment)

23.    The Plaintiff-in-Counterclaim hereby restates and incorporates all paragraphs of this Counterclaim as if fully stated herein.

24. There is an actual controversy between Maolis and Walgreen concerning the terms of the Lease, Walgreen's breach thereof and the landlord's right to possession.

25. Maolis seeks a declaration that Walgreen has breached its lease and that it is entitled to possession of the property. Maolis seeks a declaration that it has performed all of its obligations under the lease and has not breached the lease.

26. Maolis seeks a declaration that Walgreen is responsible for the charges as assessed by Maolis against Walgreen.

27. Maolis seeks a declaration that Walgreen is in material breach of the terms of the lease and that Maolis is entitled to possession thereof.

## COUNT II
### (Breach of Contract)

28. The Plaintiff-in-Counterclaim hereby restates and incorporates all paragraphs of this Counterclaim as if fully stated herein.

29. Walgreen breached its contract with Maolis while Maolis has duly performed all of its obligations to Walgreen.

30. As a result of Walgreen's breach of contract, Maolis has been damaged.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

31. The Plaintiff-in-Counterclaim hereby restates and incorporates all paragraphs of this Counterclaim as if fully stated herein.

32. By reason of the foregoing, Walgreen has breached the implied covenant of good faith and fair dealing which is implied in the relationship between Maolis and Walgreen and in the agreements between them.

33. As a result of Walgreen's breaches of the implied covenant of good faith and fair dealings, Maolis has suffered damages.

## COUNT IV
### (Violation of M.G.L.C.93A, §11)

34. The Plaintiff-in-Counterclaim hereby restates and incorporates all paragraphs of this Counterclaim as if fully stated herein.

35. At all times relevant hereto, Walgreen and Maolis were engaged in trade or commerce.

36. The actions and/or inactions by Walgreen, including among others, those set forth above, constitute unfair and/or deceptive acts or practices proscribed by M.G.L. c. 93A, §§2 and 11.

37. The unfair and/or deceptive acts or practices, including among other things, those as set forth above, were done by Walgreen knowingly and/or willfully.

38. The Defendant's-in-Counterclaim acts and/or omissions occurred substantially and primarily within the Commonwealth of Massachusetts.

39. As a direct and proximate result of the unfair and/or deceptive acts or practices of the Defendant-in-Counterclaim, the Plaintiff-in-Counterclaim has suffered and continues to suffer damages.

40. As a result of the Defendant's-in-Counterclaim violations of M.G.L. c.93A, the Plaintiff-in-Counterclaim is entitled to three times its actual damages, plus interest, costs, expert fees and reasonable attorney's fees.

## REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff-in-Counterclaim, Maolis Realty Trust, requests this Court award the following relief in its Counterclaim:

1. Under Count I enter judgment for the Plaintiff-in-Counterclaim declaring that Walgreen has breached the terms of the lease and that the landlord is entitled to possession;

2. Enter judgment on Counts II and III in favor of the Plaintiff-in-Counterclaim and against Walgreen, awarding it damages together with interest, costs and attorney's fees;

3. Enter judgment on Count IV finding that Walgreen's actions as set forth above were unfair and/or deceptive and, by violation of Mass. Gen. Laws Chapter 93A, awarding the Plaintiff-in-Counterclaim treble damages and its attorney's fees and costs; and

4. Enter such other relief as is equitable and just.

## JURY DEMAND

The Plaintiff/Defendant-in-Counterclaim, Maolis Realty Trust, hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Maolis Reality Trust
By its attorneys,
TARLOW BREED HART & RODGERS, P.C.

_____
Albert A. DeNapoli (BBO #543850)
Geoffrey E. Norman (BBO #373660)
101 Huntington Avenue, Suite 500
Boston, MA  02199
Tel.: 617-218-2000

Dated: September 23, 2005

- 14 -