UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WALGREEN EASTERN CO., INC., | ) | Case No. 05-11601 JLT |
| Plaintiff, | ) | |
| v. | ) | |
| MAOLIS REALTY TRUST, | ) | |
| Defendant. | ) | |

### REPLY OF WALGREEN EASTERN CO., INC. TO COUNTERCLAIM OF MAOLIS REALTY TRUST

Plaintiff Walgreen Eastern Co., Inc. ("Walgreens") hereby replies to the counterclaim of defendant Maolis Realty Trust ("Maolis") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. The first sentence of paragraph 4 characterizes a document that speaks for itself. Walgreens denies the remaining allegations contained in paragraph 4.

5. Walgreens admits that it received several purported notices of default from Maolis in 2005. Walgreens denies the remaining allegations contained in paragraph 5.

6. Walgreens admits that it received a purported notice of termination. Walgreens denies the remaining allegations contained in paragraph 6.

7. Denied as stated.

1

8. The first sentence of paragraph 8 characterizes a document that speaks for itself. Walgreens denies the remaining allegations contained in paragraph 8.

9. Walgreens admits that it received a purported notice of default. Walgreens denies the remaining allegations contained in paragraph 9.

10. Denied as stated.

11. Denied as stated.

12. Walgreens admits that on March 19, 2004, Maolis billed it $51,074.18 for purported "costs to maintain the parking lot for the last four years." Walgreens denies the remaining allegations contained in paragraph 12.

13. Denied as stated.

14. Walgreens admits Maolis sent a letter dated March 19, 2004 in which it claimed that Walgreens owed it certain amounts. Walgreens disputed those amounts and asked Maolis to provide it with backup documents supporting the charges. Maolis finally provided the backup on or about September 20, 2004. Shortly thereafter, Walgreens responded to Maolis' request and sent in the requested payment. Walgreens denies the remaining allegations contained in paragraph 14.

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

18. Walgreens admits that it received a purported notice of default dated April 26, 2005. That notice speaks for itself. Walgreens denies the remaining allegations contained in paragraph 18.

19. Walgreens admits that it received a purported termination notice dated June 1, 2005. That notice speaks for itself. Walgreens denies the remaining allegations contained in paragraph 19.

20. Walgreens admits that it received a purported notice of default dated June 17, 2005. That notice speaks for itself. Walgreens denies the remaining allegations contained in paragraph 20.

21. Walgreens admits that Maolis commenced a summary process action in Lynn District Court on June 20, 2005. The complaint in that action speaks for itself. Walgreens denies the remaining allegations contained in paragraph 21.

22. Denied as stated.

## COUNT I
(**Declaratory Judgment**)

23. Walgreens hereby restates and incorporates all paragraphs of this answer as if fully set stated herein.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

## COUNT II
(**Breach of Contract**)

28. Walgreens hereby restates and incorporates all paragraphs of this answer as if fully set stated herein.

29. Denied.

30. Denied.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

31. Walgreens hereby restates and incorporates all paragraphs of this answer as if fully set stated herein.

32. Denied.

33. Denied.

## COUNT IV
### (Violation of M.G.L. ch. 93A §11)

34. Walgreens hereby restates and incorporates all paragraphs of this answer as if fully set stated herein.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Maolis has failed to state a claim for which relief can be granted.

### Second Affirmative Defense

Maolis' claims may be barred by the doctrines of waiver, laches, unclean hands, and estoppel.

### Third Affirmative Defense

Maolis' claims may be barred by its own breach of contract, and breach of the covenant of good faith and fair dealing.

### Fourth Affirmative Defense

Maolis' claims may be barred by provisions in the Lease.

### Fifth Affirmative Defense

Pursuant to M.G.L. ch. 186 §11A, Walgreens has tendered payment (under protest) for all amounts claimed due and owing prior to the date required for answer and, therefore, has cured the alleged default.

### Sixth Affirmative Defense

Maolis' claims may be barred by the doctrines of accord and satisfaction, payment, and release.

### Seventh Affirmative Defense

Walgreens reserves the right to raise additional affirmative defenses that become known through discovery.

**WALGREENS HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                    WALGREEN EASTERN CO., INC.

                    By its attorneys,


                    ___/s/ Dana Zakarian_____
                    Joel G. Beckman (BBO #553086)
                    William C. Nystrom (BBO#559656)
                    Dana A. Zakarian (BBO#641058)
                    NYSTROM BECKMAN & PARIS LLP
                    10 St. James Avenue, 16th Floor
                    Boston, Massachusetts  02116
                    (617) 778-9100
Dated: December 16, 2005      (617) 778-9110 (fax)