UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WALGREEN EASTERN CO., INC., | ) ) ) | Case No. 05-11601 JLT |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| MAOLIS REALTY TRUST, | ) ) |  |
| Defendant. | ) ) |  |

## JOINT STATEMENT

In accordance with the provisions of Local Rule 16.1(B), counsel have conferred concerning (1) an agenda for matters to be discussed at the scheduling conference on February 27, 2006; (2) a proposed pretrial schedule for the case that includes a plan of discovery; and (3) consideration of consent to a trial by a Magistrate Judge. Counsel hereby submit this Joint Statement and Proposed Scheduling Order pursuant to Local Rule 16.1(D).

(1)     **Plaintiff's Proposed Schedule**

a.   All fact and non-expert discovery, including all written interrogatories, requests for production of documents, requests for admissions, and depositions ("Fact Discovery") shall be completed by August 31, 2006.

b.   Disclosure of experts and reports from experts under Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure shall be served by the party bearing the burden of proof with respect to the issue as to which the expert will testify (the "Initial Reports") by September 29, 2006.

    c. Responsive reports intended to contradict or rebut evidence on the same subject matter as the Initial Reports shall be served by October 27, 2006.

    d. All expert discovery shall be completed by November 30, 2006.

    e. All requests for admissions shall be served no later than sixty (60) days before trial.

    f. All summary judgment motions must be filed by December 22, 2006.

    g. Oppositions to summary judgment shall be filed by January 19, 2007.

    h. Trial in this action shall be held in February 2007.

    i. Any deadline contained in this Scheduling Order may be extended by an order of the Court upon written motion for good cause shown.

  (2) **Defendant's Proposed Schedule**

Insofar as this matter is essentially a summary process matter that involves the parties' performance under a single lease, there is little discovery, if any, necessary. Accordingly, the defendant is prepared to mediate this matter and/or try this matter within 60-90 days.

  (3) **Plaintiff's Concise Statement of the Case.**

In July 1992, plaintiff Walgreen Eastern Co., Inc. ("Walgreens") entered into a sixty (60) year ground lease with Maolis Realty Trust ("Maolis") for a parcel of property located in Lynn, Massachusetts. In accordance with the lease, Walgreens constructed an approximately 16,000 square foot building for its pharmacy on the premises. For thirteen years, Walgreens promptly paid its monthly rent and its pro-rata share of taxes and expenses. In 2004, however, Maolis apparently became disgruntled with the lease deal – which locked in Walgreen's rent for 60 years – and concocted a purported "default" in an

effort to terminate the lease and take possession of Walgreen's building. Specifically, Maolis resurrected an old issue as to whether Walgreens was responsible for the costs of a parking lot attendant – *that Maolis itself had been paying for years and had never billed Walgreens*. When Walgreens questioned the charges, Maolis unilaterally declared the pharmacy in "default" of its lease, and demanded that Walgreens either pay the charge or face eviction. Maolis' attempted scheme to take Walgreen's building culminated in Maolis filing a summary process complaint in Lynn District Court. Walgreens thereafter removed that case to this Court.

As detailed below, the alleged "default" manufactured against Walgreens is without merit and is purely pretextual. Despite the fact the parking lot attendant has been on location since approximately 2000, Maolis made no claim that Walgreens was responsible for that expense until 2004. Indeed, after Walgreens received Maolis "default notice," Walgreens reached out to Maolis and offered to pay 67% of Walgreens' alleged share of the expense, even though (1) the Lease provides that <u>Maolis</u> is obligated to "supervise" the parking lot; and (2) the Lease does not entitle Maolis to reimbursement of the costs of supervising the lot. Instead of responding to Walgreens' offer as promised, however, Maolis instead waited for thirty days to lapse and then sent Walgreens an alleged "termination notice and notice to quit." Even after Walgreens *paid* the full amount requested under protest, Maolis responded that it would nonetheless "proceed with the termination."

Walgreens brings this action against Maolis for declaratory judgment, specific performance, breach of contract, breach of implied covenant of good faith and fair dealing, common law fraud, abuse of process, and violations of M.G.L. c. 93A arising

from Maolis' unfair and deceptive efforts to declare Walgreens in default of its 60 year ground lease, evict the pharmacy from the premises, and take possession of Walgreens' building.

    (4)    **Defendants' Concise Statement of the Case**

This lawsuit filed by Walgreen Eastern Co., Inc. (hereinafter "Walgreens") is an attempt by Walgreens to retaliate against Maolis Realty Trust (hereinafter the "Landlord") for seeking to enforce the written terms of a lease entered into between Walgreens and the Landlord in July of 1992 for land located at 21 Joyce Street, Lynn, Massachusetts (hereinafter the "Lease"). In approximately 1997, Walgreens began engaging in a systematic pattern of failing to comply with the written terms of the Lease. Walgreens' pattern of failing to comply with the written terms of the Lease, as detailed more fully below, ultimately compelled the Landlord in 2005, to serve Walgreens with a series of Default Notices.

Pursuant to Section 4(a) of the Lease, Walgreens is obligated to pay the Landlord its portion of the real estate taxes (hereinafter "Taxes"). Since approximately 1997, Walgreens has failed and refused to pay its portion of the Taxes in accordance with the terms of the Lease.

Section 5(b) of the Lease requires Walgreens to pay common area maintenance charges (hereinafter "CAM charges"). In accordance with the terms of the Lease, the Landlord would bill Walgreens for the CAM charges. Walgreens repeatedly failed to pay the CAM charges after being billed for such charges by the Landlord, in breach of the Lease.

In accordance with the Lease, on or about March 19, 2004, the Landlord advised Walgreens of the costs to maintain the parking lot for the period of 2000-2003 in the amount of $51,074.18. Although this bill was certified as provided by the Lease, Walgreens failed and refused to pay the total amount due. After receiving a request from Walgreens for backup documentation concerning the parking lot maintenance costs, on or about September 9, 2004, the Landlord sent another "certified statement" detailing the breakdown of the $51,074.18 owed to the Landlord. Walgreens failed and refused to pay the full amount owed, and, instead, paid only $4,350.60.

Starting in 2005, a series of "Notices of Default" relative to, among other things, Walgreens' failure to pay the CAM charges, failure to pay the taxes, and failure to pay the insurance costs, were served upon Walgreens. When Walgreens failed to cure the defaults within the time as required, "Termination Notices" and "Notices to Quit" were also served upon Walgreens. On June 27, 2005, upon the failure of Walgreens to cure the defaults and terminate as required by the "Termination Notices" and "Notices to Quit", the Landlord properly commenced a summary process action in the Lynn District Court. In an attempt to obfuscate its breaches of the lease and the summary disposition of the case as provided by the rules of summary process, Walgreens removed this matter to this Court and brought its own complaint.

(5)     **Trial By Magistrate.**  The parties decline at this time to consent to a trial by a magistrate judge.

(6)     **Certifications.**  The Certifications required by Rule 16.1 will be submitted by the parties separately.

Respectfully submitted,

| WALGREEN EASTERN CO., INC. | MAOLIS REALITY TRUST |
|---|---|
| By its attorneys, | By its Attorneys, |

/s/ Daniel J. Pasquarello_____  
Joel G. Beckman (BBO #553086)  
Daniel J. Pasquarello (BBO #647379)  
NYSTROM BECKMAN & PARIS LLP  
10 St. James Avenue, 16th Floor  
 Boston, Massachusetts  02116  
(617) 778-9100  
(617) 778-9110 (fax)  
jbeckman@nbparis.com  
dpasquarello@nbparis.com  

/s/ Albert A. DeNapoli_____  
Albert A. DeNapoli (BBO #543850)  
Geoffrey E. Norman (BBO #373660)  
Jennifer C. Roman (BBO #643223)  
TARLOW BREED HART & RODGERS, P.C.  
101 Huntington Avenue, Suite 500  
Boston, MA  02199  
(617) 218-2000  
(617) 261-7673 (fax)  
adenapoli@tbhr-law.com  
gnorman@tbhr-law.com  
jroman@tbhr-law.com  

Dated: February 17, 2006